|, CARAWAY, J.
This dispute is the second suit arising from the effort to recall Huey Dean (“Dean”), Mayor of the Town of Homer. The first suit, brought by a group of voters who signed the recall petition, resulted in this court’s ruling in Young v. Sanders, 38,412 (La.App.2d Cir.4/7/04), 870 So.2d 1126, writ denied, 04-1137 (La.7/2/04), 877 So.2d 146 (hereinafter “Suit # 1”), affirming the trial court’s mandamus order requiring certification of the recall petition pursuant to the Election Code provision, Section 1300.3. La. R.S. 18:1300.3. Dean, who was not a party to Suit # 1, brings the present action, asserting his right to contest the certification of the recall petition and to enjoin the recall for two reasons: (1) defendant, Lurry Crew, as chairman of the recall petition, was not a qualified voter in the voting area from which the mayor was elected, in violation of La. R.S. 18:1300.5(A); and (2) both Crew, as chairman of the recall petition, and Maxine Wilson, as vice chairman of the recall petition, failed to provide Dean with copies of the names of persons seeking his recall, despite repeated requests during the recall process in 2003, defeating his rights to access public records under La. R.S. 44:35. The trial court, finding merit in both of those grounds, enjoined the recall process.[1] The defendant, Lurry Crew, appeals.
Regardless of the specific remedies requested by Dean in this action,[2]1 ythe trial *1028 court found that the certification process for the recall petition was tainted and subject to nullification. Therefore, we view this challenge, as asserted in the petition, to be an action contesting election proceedings under Section 1405 F of the Election Code, which provides as follows:
F. An action contesting the certification of a recall petition shall be instituted within fifteen days after the governor has issued the proclamation ordering the recall election or within fifteen days after the last day for the governor to call the election if no recall election is called.
La. R.S. 18:1404 F.[3]
Additionally, Dean’s right of action and the Election Code procedure for this action are recognized in Section 1300.17, which provides:
Nothing contained in this Chapter shall be construed to deny to any public officer recalled, or whose recall is sought, the right to contest the recall, or any proceedings in relation thereto, in any court of competent jurisdiction, for fraud or other illegality. The procedural provisions of Chapter 9, Part I, of this Code shall be applicable to such actions.
La. R.S. 18:1300.17.
Since these provisions clearly place the dispute within the Election Code and its special expedited procedure, we have determined for the reasons set forth below that Crew’s appeal of the judgment was untimely pursuant to Section 1409 of the Code. Accordingly, we dismiss the appeal.
The record reveals that the ruling of the trial court against the defendants was rendered orally at the conclusion of the trial on Thursday, August 26, 2004. The court granted the injunctive relief sought by Dean, finding that the chairman of the recall petition effort did not reside in the Deity limits of the Town of Homer. The court reiterated to counsel the “very short” time delays for election code proceedings, and counsel for Dean offered to draft a written judgment as soon as possible. That written judgment was then signed by the court and filed in the record later, on August 26.
The record next reflects that written notice of judgment was mailed to all parties on Friday, August 27, 2004. The next pleading in the record is Crew’s “Notice of Appeal,” requesting an order of appeal. Attached to the “Notice of Appeal” is counsel’s certificate of service dated August 31, 2004, showing that other counsel and parties were notified by mail of the appeal. Nevertheless, the actual “Order” for appeal was not signed by the trial court until September 1, 2004, while the Notice of Appeal and Order, themselves, were not filed in the record until September 2. Upon the lodging of appeal with this court on September 3, 2004, we set a time for oral argument of this case and issued an order for the parties to show cause why the appeal should not be dismissed as untimely.
The provisions for the rendition of a judgment under the Election Code and its appeal are contained in Section 1409, which provides, in pertinent part, as follows:
*1029 C. In all actions, the trial judge shall render judgment within twenty-four hours after the case is submitted to him and shall indicate the date and time rendered on the judgment. The clerk of the trial court shall immediately notify all parties or their counsel of record by telephone and/or facsimile transmission of the judgment.
D. Within twenty-four hours after rendition of judgment, a party aggrieved by the judgment may appeal by obtaining an order of appeal and giving bond for a sum fixed by the court to Rsecure the payment of costs. The clerk of the trial court shall give notice of the order of appeal to the clerk of the court of appeal and to all the parties or their counsel of record. The trial judge shall fix the return day at a time not to exceed three days after rendition of judgment.
At the oral argument of this case, Crew’s counsel asserted that he did not receive notice of the judgment until August 31, five days after the signing of the judgment. That day may have coincided with the time of counsel’s receipt of the clerk’s written notice of judgment. However, counsel did not elaborate.
From our review of these proceedings, we first find that the statute itself gives notice that an Election Code judgment shall be rendered within twenty-four hours of the close of the trial. The case was not taken under advisement by the trial court at the conclusion of trial. Instead, Crew received initial notice by the trial court’s oral ruling of the adverse judgment. Section 1409 J requires the signing of a written judgment, and that occurred timely within twenty-four hours of the close of trial. Whether Crew or his counsel received notice via facsimile or telephone on August 26, 2004, was not reviewed with this court during oral argument. Nevertheless, the law itself gave a special notice that an appeal would be required to be filed within forty-eight hours of the close of trial. Despite that notice, Crew waited until August 31 without seeking further inquiry of this expedited proceeding. Moreover, on August 31, when Crew’s counsel received notice of judgment, no filing of a motion for appeal occurred. Such notice, if first received on that date, showed that “twenty-four hours after the rendition of judgment” had passed by Friday, August 27. | ¡^Nevertheless, no action for appeal was taken on August 31, and another day elapsed before the trial court signed the order of appeal on September 1.
Accordingly, under the provisions of Section 1409 of the Election Code, we find that Crew received ample notice of the August 26 judgment and that the appeal on September 1 came too late. The appeal is dismissed with costs assessed to appellant.
APPEAL DISMISSED.
BROWN, C.J., concurs with written reasons.
STEWART, J., concurs in the dissent by GASKINS, J., with additional reasons.
GASKINS, J., dissents with written reasons.

. The suit also named as defendants, the Governor of the State of Louisiana and the Secretary of State, and the judgment specifically enjoined both of those officials from issuing the call of a special recall election pursuant to La. R.S. 18:1300.7.

. In addition to injunctive relief, the petition sought relief in the form of attorney fees and *1028 costs for Crew's violation of the public records law, La. R.S. 44:35, for his failure to release a copy of the list of persons seeking recall during the time of circulation of the recall petition. The trial court did not grant that relief although it found the statute was violated by Crew, as chairman of the recall effort and custodian of the records.

. The record, although not entirely clear, indicates that the Governor did not render a proclamation within fifteen days of the petition's certification for a special recall election pursuant to La. R.S. 18:1300.7; yet, the 15-day or 30-day period for Dean to contest the certification of the recall petition had not passed when this action was commenced.